IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY WIREMAN and JUDY WIREMAN | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:19-cv-01068-TFM-B ) |
| PARK NATIONAL CORPORATION, SE PROPERTY HOLDINGS, LLC, SOUTHEAST PROPERTY SOLUTIONS LLC, and FICTITIOUS DEFENDANTS, A through H inclusive, Whether singular or plural which Injured the Plaintiffs, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Defendants Park National Corporation, SE Property Holdings, LLC, and Southeast Property Solutions, LLC's Motion to Dismiss the Complaint and Memorandum in Support of Motion to Dismiss*. Doc. 7, filed December 18, 2019. Defendants move the Court dismiss the Complaint filed by Plaintiffs because the claims fail to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6), or violate the rules of pleading pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9. *Id*. at 2. Plaintiffs responded to the motion (Doc. 10, filed 01/10/20), and Defendants filed a reply (Doc. 11, filed 01/17/20). Thus, the motion is ripe for review. After careful review of the pleadings, motion, response, reply, and the relevant law, the Court **GRANTS** Defendants' Motion to Dismiss for the reasons articulated below.

### I.   PARTIES

Larry Wireman ("L. Wireman") and Judy Wireman ("J. Wireman") (collective, the

"Plaintiffs") filed suit against Park National Corporation ("Park"), SE Property Holdings, LLC ("SEPH"), and Southeast Property Solutions, LLC ("SPS") (collective, the "Defendants") seeking damages for breach of contract, breach of fiduciary duty, fraud, unjust enrichment, and civil conspiracy.

## II.     JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332.  A federal court has diversity jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).  The parties do not contest personal jurisdiction or venue, and the Court finds that sufficient support exists for both.

The Court finds sufficient support that Plaintiffs and Defendants are citizens of different states.  Plaintiffs are resident citizens of Baldwin County, Alabama.  *See* Doc. 1-1 ¶¶ 1 and 2.  Park is an Ohio corporation with its principal place of business in Ohio.  SEPH is an Ohio limited liability company whose principal place of business is in Ohio and its sole and only member is Park National Corporation.  SPS is an Ohio limited liability company whose principal place of business is in Ohio and its sole and only member is Robert Meyers, a resident of Mansfield, Ohio. *See* Doc. 1 ¶¶ 9 -11.

The Court finds sufficient support that the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Plaintiffs allege damages of $955,549.77 and $1,010,538.07. *See* Doc. 1-1 ¶¶ 33 and 37.  Therefore, this Court has jurisdiction over this action because the Plaintiffs and Defendants are completely diverse in citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III.     FACTUAL AND PROCEDURAL BACKGROUND

In this Motion to Dismiss the Defendants ask the Court to dismiss the complaint in its entirety. Plaintiffs entered into loan agreements with Vision Bank.[1] Plaintiffs defaulted under the loan agreements and SEPH, Vision Bank's successor-in-interest, demanded to be paid. Doc. 1-1 at ¶¶ 14-19. Plaintiffs paid SEPH $4,814,102.76, which included "unspecified fees of $1,010,538.07." Plaintiffs withheld and disputed the alleged amount owed for attorney fees. *Id*. at ¶ 24. SEPH informed Plaintiffs that it would not consider the loans fully satisfied and would not forgive $13 million in default interest charges and late fees until all attorney's fees were paid under the provisions of the Modified Promissory Notes. *Id*. at ¶ 26. SEPH emailed Plaintiffs four loan statements alleging Plaintiff owed $955,549.77 in incurred legal fees plus late charges and interest. *Id*. at ¶ 28. Under "duress" Plaintiffs paid the alleged balance owed under the loan agreements including attorney's fees, late charges and interests to avoid being charged default interest and late fees. *Id*. at ¶ 29. Plaintiffs allege that the fee of $1,010,538.07 was not properly disclosed nor was it a permitted fee under the associated loan documents "resulting in a breach of the contracts and/or in violation of the law." *Id*. at ¶ 37.

On November 7, 2019, Plaintiffs originally filed their complaint in the Circuit Court of Baldwin County. Doc. 1-1. They bring the following claims against Defendants: (1) breach of contract, (2) breach of fiduciary duty, (3) fraud, (4) unjust enrichment, and (5) civil conspiracy. *Id*. On December 11, 2019, Defendants removed the case to this Court based on diversity jurisdiction. Doc. 1 at ¶ 3. On December 18, 2019, Defendants filed their motion to dismiss Plaintiffs' complaint. Doc. 7. Plaintiffs timely responded in opposition on January 10, 2020, to which Defendants filed their reply on January 17, 2020. Docs. 10, 11. Therefore, the motion is

---

[1] Vision Bank and SEPH entered into an agreement and plan of merger whereby Vision Bank merged with and into SEPH. *See* Doc. 1-1 at ¶ 11.

fully briefed and ripe for adjudication.

## IV.     STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a trial court is authorized to dismiss an action where the allegations in the complaint fail to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 668, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). Courts are to apply a two-pronged approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682, 129 S. Ct. at 1951-52). To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Unless the plaintiffs have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S at 556, 127 S. Ct. at 1965).

Pursuant to Fed. R. Civ. P. 9(b), plaintiffs must satisfy a heightened pleading standard, which requires fraud to be pled with particularity. For the claims of fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Feldman v. American Dawn, Inc.*, 849 F.3d 1333, 1340 (11th Cir. 2017); *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 951 (11th Cir. 2014) (negligent misrepresentation); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (racketeering acts). "[A] plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud.'" *Am. Dental*, 605 F.3d at 1291 (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)). A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## V.     DISCUSSION AND ANALYSIS

There are two preliminary issues to resolve. First, both the Plaintiffs and Defendants have attached extra documents with their pleadings for the Court to consider. It appears the Plaintiffs intended to attach a copy of the Modified Promissory Notes with the Complaint, but inadvertently did not include the attachment. This intention is evidenced by ¶ 20 in the Plaintiffs' Complaint— "A copy of those loan modifications are attached hereto as Exhibit "A." Doc. 1-1. Defendants attached copies of the Modified Promissory Notes as Exhibit A in their Motion to Dismiss. Doc. 7-2. Pursuant to the "incorporation by reference" doctrine, the Court may consider the Modified Promissory Notes in evaluating the Plaintiffs' allegations and in ruling on Defendants' Motion to Dismiss. In *Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002), the Court set out the "incorporation by reference" doctrine "under which a document attached to a motion to dismiss may be considered

by the Court without converting the motion into one for summary judgment." *Id*. at 1134. "Incorporation by reference" applies "if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999). "Undisputed" in this context means that the authenticity of the document is not challenged. *See, e.g.*, *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). It is clear that the terms of the Modified Promissory Notes are central to the plaintiffs' claim because the plaintiffs allege the Defendants breached these agreements. The authenticity of the Modified Promissory Notes is not in dispute.[2]

Second, the Court acknowledges that J. Wireman is not a party to the Modified Promissory Notes. Doc. 7 at 2 n. 1. Therefore, J. Wireman lacks standing to bring any of the claims. "It is well-settled law that one not a party to, or in privity with a contract, cannot sue for its breach. *See Blake v. Bank of America, N.A.,* 845 F.Supp.2d 1206, 1212 (M.D. Ala. Feb. 27, 2012)(quotations omitted). Although a third-party generally lacks standing to sue based on a breach of the contracting parties' agreement, a third party can sue for breach of contract when the "contracting parties intended that the third person receive a direct benefit enforceable in court." *Id*. (quoting *Russell v. Birmingham Oxygen Serv., Inc.*, 408 So.2d 90, 93 (Ala. 1981)). Here, there is no evidence in the pleadings to suggest that J. Wireman is a third party that L. Wireman and SEPH intended to receive a direct benefit. Therefore, J. Wireman's claims are dismissed for lack of standing.

Next, the Court will address Defendants' arguments to dismiss the Plaintiffs' five claims in order.

---

[2] The Court does not consider Plaintiffs' and SEPH's email exchange (Doc. 10-1) included in Plaintiffs' Response (Doc. 10) because it is not central to the Plaintiffs' claim. When a court is considering a motion to dismiss under Rule 12(b)(6), documents attached to the motion to dismiss may be considered if the document is both central to the plaintiff's claim and its contents are undisputed. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

A.     **Breach of Contract**

Count One of the Complaint alleges that the Defendants breached the loan agreements and Modified Promissory Notes by "seeking and accepting monies not owed to the Defendant [in] which the Defendant was not entitled to collect." *See* Doc. 1-1at ¶ 40.

Defendants move the Court to dismiss the breach of contract claim brought by the Plaintiffs because they fail to state a cause of action against any of the Defendants. Doc. 7 at 12. Defendants present two arguments in reference to the breach of contract claim. First, Defendants argue that the breach of contract claim against Park and SPS should be dismissed because "there is no allegation that Park or SPS were parties to *any* loan agreements with the Wiremans." *Id*. at 8. Second, Defendants further argue that "the contract claim should be dismissed against SEPH because the Wiremans have not stated a cause of action for breach of contract in light of the parties' agreement regarding payoff of the loans and SEPH's right to charge default interest under the Modified Promissory Notes." *Id*. at 8 – 9.

In response, Plaintiffs argue that Park and SPS are parties to the Modified Promissory Notes, which states that L. Wireman entered into the agreement with SEPH "and its parent company…and attorneys." Doc. 10 at 8. Plaintiffs assert that this clause makes Park and SPS parties to the Modified Promissory Notes because Park is SEPH's parent corporation and SPS is SEPH's attorney.

Defendants filed their reply. In their reply, Defendants contend that the only parties to the Modified Promissory Notes are L. Wireman and SEPH, as evidenced in the first paragraph of each Modified Promissory Note. Doc. 11. Further, the Defendants reassert that Park and SPS are "unequivocally not parties to any agreement with Larry Wireman" and dismantle Plaintiffs' argument. *Id*. First, Plaintiffs cite to the **Release** clause in the Modified Promissory Note where

L. Wireman is defined as Borrower and SEPH is defined as Bank.  Doc. 7-2.  The **Release** clause states:

> To induce Bank to modify the loan evidenced by this Note in accordance with the terms of this Note, Borrower on behalf of Borrower and each entity in which Borrower owns or holds any interest (each a "Related Company"), hereby releases and forever discharges Bank and its parent and affiliate companies, and all participant banks owning any interest in the loan, and their respective officers, directors, employees, representatives, agents and attorneys, from any and all claims, liabilities and damages arising from or relating in any way to the loan(s) evidenced by this Note, each of the Other Notes and/or any other loan or debt owed to Bank by Borrower and/or by any Related Company (as borrower, guarantor or otherwise).

Doc. 7-2 at 4.

Here, the Court agrees with Defendants that this clause is a standard release that often appears in contract modifications or settlements where the releasing party is receiving something of value, which the Defendants reiterate is the forgiveness of $13,000,000 in default interest and charges. Doc. 11 at 3.  Further, the Court takes notice that parties to a contract are traditionally defined in the opening paragraph instead of hidden in Release clauses.

The Court now turns to the Defendants' second argument that the Plaintiffs have not stated a cause of action for breach of contract in light of the parties' agreement regarding payoff of the loans and SEPH's right to charge default interest under the Modified Promissory Notes.  Under Alabama law, "[i]n the ordinary breach of contract action, the claimant must prove: (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *S. Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995).  The Plaintiffs fail to establish a contract claim for which relief may be granted. Defendants "seeking and accepting monies not owed" without any additional information does not establish that a party breached the contract.

The Interest; Late Charges; Fee Section and the Attorney Fees Section of the Modified

Promissory Notes refute Plaintiffs' claim that Defendants breached the contract by "seeking and accepting monies not owed to the Defendant [in] which the Defendant was not entitled to collect." Defendant SEPH was entitled to collect the money Plaintiffs paid.

**Interest; Late Charges; Fee.** Section 2(b)(ii) of the Modified Promissory Note states:

> Borrower acknowledges and agrees that Borrower currently owes past due accrued default interest (viz, exclusive of interest at the Regular Interest Rate) and late fees on this loan and under this promissory note in the total amount of $7,570,822.77 as of February 15, 2018, and shall also owe interest that accrues under this promissory notes at the default rate of 18.0% per annum from and after February 15, 2018 except the Regular Interest Rate part thereof that is paid in accordance with Section 1 above (collectively, the "Default Interest Deficiency"). Holder has not waived and is not hereby waiving said prior Event(s) of Default; PROVIDED, if no Event of Default occurs hereunder and Borrower pays the full amount owed hereunder (excluding the Default Interest Deficiency) on or before April 30, 2018, the Default Interest Deficiency shall be waived by Holder. Upon the occurrence of any Event of Default hereunder, at the election of Holder, all sums owed hereunder shall be due and payable immediately, including the entire Default Interest Deficiency.

6.  **Attorney Fees.** states:

> Borrower and each endorser or guarantor of this Note agree to pay all attorneys' fees and costs incurred by the Holder hereof in collecting or attempting to collect this Note, whether by suit or otherwise, as well as in connection with this loan modification.

Doc. 7-2 at 1, 4.

The substance of the Modified Promissory Note agreement is a compromise between the parties in which SEPH offered to waive the default interest it was contractually permitted to collect if L. Wireman paid the amount set forth in the Modified Promissory Note according to the terms therein. L. Wireman accepted this offer as evidence by his signature on all of the Modified Promissory Notes. Therefore, Plaintiffs' breach of contract claim merits dismissal against Park and SPS because they are not parties to the Modified Promissory Notes and against SEPH because Plaintiffs have not pleaded sufficient facts to make out a plausible claim for relief. Thus, Defendants' motion to dismiss Plaintiffs' first claim is granted.

B.     **Breach of Fiduciary Duty**

Count Two of the Complaint alleges that SEPH "owed a fiduciary duty to Plaintiffs" and "negligently breached that duty" and that "SEPH is liable in damages to Plaintiff." *See* Doc. 1-1 at ¶¶ 42, 43, 44.

Defendants move the Court to dismiss the breach of fiduciary duty claim against all Defendants. Doc. 7 at 12. First, Defendants argue that Park and SPS must be dismissed because there are no allegations pled against them in this claim and Plaintiffs fail to allege any relationship with either defendant that creates a fiduciary duty. Doc. 7 at 12. Next, Defendants argue that Plaintiff's breach of fiduciary duty claim against Defendant SEPH must be dismissed because Plaintiffs fail to allege that a relationship that would create a fiduciary duty existed between SEPH and the Plaintiffs and also fail to allege how SEPH "negligently breached" any fiduciary duty. *Id*.

In response, Plaintiffs argue that "SEPH breach their fiduciary duty by not disclosing pertinent facts about the fees it planned to charge were being shared with a subsidiary interest who was charging percentage base fee, which at a minimum were unreasonable and/or unlawful and which had never been disclosed to Wireman." Doc. 10 at 13. The Court finds the Plaintiff argument fails, a fiduciary duty did not exist between L. Wireman and SEPH.

To establish a prima facie case for a breach of fiduciary duty claim, the plaintiff has to establish the following elements: "(1) the existence of a fiduciary duty between the parties; (2) the breach of that duty; and (3) damages suffered as a result of the breach." *Regions Bank v. Lowrey*, 101 So. 3d 210, 219 (Ala. 2012) (citing *Hensley v. Poole*, 910 So. 2d 96, 106 (Ala. 2005)). Alabama law defines a fiduciary or confidential relationship as:

> "[O]ne in which one person occupies toward another such a position of advisor or counselor as reasonably to inspire confidence that he will act in good faith for the other's interests, or when one person has gained the confidence of another and purports to act or advise with the other's interest in mind; where trust and

> confidence are reposed by one person in another who, as a result, gains an influence or superiority over the other; and it appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side, there is an overmastering influence, or, on the other, weakness, dependence, or trust, justifiably reposed; in both an unfair advantage is possible. It arises in cases in which confidence is reposed and accepted, or influence acquired, and in all the variety of relations in which dominion may be exercised by one person over another."

*DGB, LLC v. Hinds*, 55 So. 3d 218, 233 (Ala. 2010) (quoting *Bank of Red Bay v. King,* 482 So. 2d 274, 284 (Ala. 1985)).

Plaintiff fails to establish element one—the existence of a fiduciary duty. Here, it is clear that the relationship between SEPH, a bank, and L. Wireman, a customer of the bank, is best described as creditor and debtor. As Defendants assert in their motion to dismiss, it is well established in Alabama Courts that the relationship between a bank and a customer is that of a creditor and debtor. Doc. 7 at 13. A creditor and debtor relationship does not impose a fiduciary duty on the bank. *See Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So.3d 1185 (Ala. 2008). In this case the Alabama Supreme Court held:

> "Courts have traditionally viewed the relationship between a bank and its customer as a creditor-debtor relationship that does not impose a fiduciary duty on the bank. *See Power Equipment Co. v. First Alabama Bank,* 585 So.2d 1291 (Ala. 1991); *Faith, Hope & Love, Inc. v. First Alabama Bank of Talladega County, N.A.,* 496 So.2d 708 (Ala. 1986). However, a fiduciary duty may arise when the customer reposes trust in the bank and relies on the bank for financial advice, or in other special circumstances. *Bank of Red Bay v. King,* 482 So.2d 274 (Ala. 1985); *Baylor v. Jordan,* 445 So.2d 254 (Ala. 1984)." *K & C Dev. Corp. v. AmSouth Bank,* 597 So.2d 671, 675 (Ala. 1992). Advice alone, however, is not enough to impose a fiduciary duty. Even where the bank has taken an active role in attempting to improve a debtor company's financial position, this Court has not found a fiduciary relationship. *See Nettles v. First Nat'l Bank of Birmingham,* 388 So.2d 916, 920 (Ala. 1980) (holding that no fiduciary relationship existed where bank "caused various documents to be prepared, made additional secured loans, and kept close tabs on the Company's operation. Notwithstanding this active role, the essential relationship between the parties remained that of debtor-creditor, and the parties dealt with each other at arm's length.").

*Id*. at 1191.

The Court agrees that the relationship between the Plaintiffs and the Defendants is insufficient to give rise to a fiduciary duty. The Plaintiffs' breach of fiduciary duty claim against Park and SPS must be dismissed because there are no allegations pled against them in this claim. Furthermore, the breach of fiduciary duty claim must be dismissed against SEPH because there is no fiduciary duty between the parties that could have been breached. Thus, Defendants' motion to dismiss Plaintiffs' second claim is granted.

### C.   Fraud

Count Three of the Complaint alleges that the "Defendants falsely represented the amounts they would attempt to collect" and "fabricated and backdated charges" when the Plaintiffs requested a payoff of all the loans. Doc. 1-1 at ¶¶ 47-48. Plaintiffs also allege that "Defendants repeatedly, with knowledge and approval of the members of the enterprises, concealed and failed to disclose the percentage charge and fees that were added at the end of the loan term." *Id*. at ¶ 50.

Defendants move the Court to dismiss the fraud claim against all Defendants. Doc. 7 at 15. Defendants argue that the Plaintiffs fail to make specific allegations supported by actual facts. *Id*. Defendants assert that the Plaintiffs fail to allege "*how* either the $991,212.96 amount or the $1,010,538.07 amount is incorrect," or "what fees could have been charged under the loan documents or Modified Promissory Notes and how the fees charged by SEPH differ." *Id*. Defendants also assert that the Plaintiffs fail to make an allegation about the source of the representations, the date or manner of the representations, or the amounts represented. *Id*.

In response Plaintiffs argue their claim should not be dismissed because the heightened pleading requirement may be relaxed when factual information is peculiarly within defendant's knowledge or control. Here, the Court finds that the circumstances do not compel a relaxed

pleading requirement.  *See United States ex rel. Hill v. Morehouse Med. Assocs.*, 2003 WL 22019936, at *3, 2003 U.S. App. LEXIS 27956, at *10-13 (11th Cir. Aug. 15, 2003).

"The elements of fraud are (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." *Allstate Ins. Co. v. Eskridge*, 823 So. 2d 1254, 1258 (Ala. 2001) (quoting *Brushwitz v. Ezell*, 757 So. 2d 423, 429 (Ala. 2000)).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).  The Court of Appeals for the Eleventh Circuit has stated its views on what Fed. R. Civ. P. 9(b) requires a plaintiff to plead and what purpose the rule serves:

> The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. The application of [Fed. R. Civ. P] 9(b), however, must not abrogate the concept of notice pleading. [Fed. R. Civ. P.] 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citations and quotations marks omitted).  "A court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading [in Fed. R. Civ. P. 8]."  *See Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir. 1985).  In order to comply with Fed. R. Civ. P. 8 and 9, "some indicia of reliability must be given in the complaint to support the allegation of fraud. *See United States ex rel. Clausen v. Lab Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002).  This requires plaintiffs to plead facts "as

to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id*. at 1310. "If [Fed. R. Civ. P.] Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in such conclusory fashion." *Id.* at 1313. In *Lab Corp. Am.*, the court acknowledged that the plaintiff, as a corporate outsider, would have to work hard to learn the details of defendant's alleged schemes and become privy to its policy manuals, files and computer systems. The court determined that despite the plaintiff's position as a corporate outsider, it was not sufficient to justify relaxing Rule 9(b)'s pleading standard. *Id*. at 1314 n. 25. Here, Plaintiffs fail to satisfy Fed. R. Civ. P. 9(b)'s particularity rule and pled only general facts to support their fraud-based claim. *See* Doc.1-1 at ¶¶ 46 – 52. The Court finds Plaintiffs have not alleged enough to avail themselves of the less stringently applied pleading standard for Fed. R. Civ. P. 9(b). Plaintiffs have not alleged factual information that is peculiarly within Defendants' knowledge or control that would relax Fed. R. Civ. P. 9(b)'s pleading standard. Therefore, Defendants' motion to dismiss Plaintiffs' third claim is granted.

**D.     Unjust Enrichment**

Count Four of the Complaint alleges that the "Defendants knowingly accepted and retained the fraudulent and contrived attorney fees and fee payments to the Defendants' own benefit and to the detriment of the Plaintiffs" and consequently, "Defendants have been unjustly enriched." Doc. 1-1 at ¶¶ 54 – 55.

Defendants move the Court to dismiss this unjust enrichment claim because it is the same claim as the breach of contract claim stated in Count One. Doc. 7 at 20. Defendants argue that as a matter of law the Plaintiffs' unjust enrichment claim seeking the same relief as their breach of contract claim cannot prevail. *Id*. at 19. In response, Plaintiffs insist that although they allege "a

valid contract exists to support their breach of contract claim, they are not precluded from alternatively alleging a quasi-contractual claim of unjust enrichment." Doc. 10 at 19 – 20. Defendants' reply reasserts that "Plaintiffs cannot bring a claim for unjust enrichment when a valid agreement exists between the parties" and therefore Plaintiff's claim of unjust enrichment must be dismissed. Doc. 11 at 15.

The law clearly favors the Defendants on this issue. In *Jones v. Bank of American, N.A.*, Civ. Act. No.: 2:18-cv-0512-JEO, 2019 U.S. Dist. LEXIS 109468, 2019 WL 2744470 (N.D. Ala. July 1, 2019) the Court states:

> "The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." *Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So. 3d 1185, 1193 (Ala. 2008) (emphasis and internal quotation marks omitted). However, "the existence of an express contract extinguishe[s] an unjust enrichment claim altogether because unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law." *Univalor Trust, SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016). Here, the amended complaint clearly alleges a written contract between the parties. (Doc. 18 ¶ 5). Because of the existence of a contract, Jones's claim for unjust enrichment fails as a matter of law. *See Prickett v. BAC Home Loan,* 946 F. Supp. 2d 1236, 1248 (N.D. Ala. 2013); *Bias v. Cenlar Agency, Inc.*, 2018 WL 2365428, at *4 (N.D. Ala. 2018); *Rice v. JPMorgan Chase Bank NA*, 2014 WL 3889472, at *11 (N.D. Ala. Aug. 5, 2014).

*Jones*, 2019 U.S. Dist. LEXIS 109468 at *22-23, 2019 WL 2744470 at *8.

"The law is clear that there is no unjust enrichment claim where a contract on the topic governs the relationship . . . A plaintiff may proceed under both a breach of contract claim, and an unjust enrichment claim on the same subject when the *existence or enforceability of the contract is in dispute*." *See Forward Momentum, LLC v. Team Health Inc.*, Civ. Act. No.: 2-17-cv-346-EECM, 2019 U.S. Dist. LEXIS 187794, at *11, 2019 WL 5616904, *3 (N.D. Ala. Oct. 30, 2019) (emphasis in original). In their response, in an effort to establish a prima facie case for its breach of contract claim, the Plaintiffs explicitly state that "it is undisputed a valid contract exists." *See* Doc. 10 at

Page 15 of 17

11. Thus, the Plaintiffs do not dispute the existence of a binding contract with the Defendants governing attorney fees and fee payments. All of the Modified Promissory Notes are between L. Wireman and Defendant SEPH. Doc. 7-2. Each Modified Promissory Note contains an "Interest; Late Charges; Fee" section and an "Attorney Fees" section. *Id.* at ¶ 2 and ¶ 6. Neither the existence nor the enforceability of the Modified Promissory Notes are in dispute, and the Defendants' motion to dismiss the Plaintiffs' fourth claim is granted.

### E.   Civil Conspiracy

Plaintiffs allege that the "Defendants conspired among themselves to violate the contracts between the parties, to breach their fiduciary duty, to commit fraud, and to unjustly enrich themselves." Doc. 1-1 ¶ 57. Defendants argue that a claim for conspiracy requires an underlying tort. Doc. 7 at 20. *See Willis v. Parker,* 814 So.2d. 857 (2001) ("[a] conspiracy cannot exist in the absence of an underlying tort."); *Jones v. BP Oil Co.*, 632 So.2d 435, 439 (Ala. 1993)("[L]iability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy."). Plaintiffs contend that its breach of contract, breach of fiduciary duty, fraud, and unjust enrichment are valid torts that exist to support a claim for civil conspiracy. Doc. 10 at 20. Since these claims have been dismissed for the reasons stated above, the Court finds that there is no tort to support Plaintiffs' civil conspiracy claim. Thus, the Defendants' motion to dismiss the Plaintiffs' fifth claim is granted.

### V.   CONCLUSION

Based on the foregoing discussion and analysis, *Defendants Park National Corporation, SE Property Holdings, LLC, and Southeast Property Solutions, LLC's Motion to Dismiss the Complaint and Memorandum in Support of Motion to Dismiss* is **GRANTED** .

**DONE** and **ORDERED** this the 30th day of September 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE